STATE, CHARLES RIDGEWAY ET AL., PROSECUTORS, v. FRANK J. MICHELLON, CLERK OF THE COMMON COUN-CIL OF THE CITY OF CAMDEN.

Under the charter of the city of Camden, an accountant of the finance committee cannot, be appointed otherwise than by an ordinance of the common council.

This writ brings up the appointment of Samuel Hufty as accountant of the finance committee of the common council of the city of Camden, and the ordinance under which the finance committee made the appointment.

Argued at February Term, 1880, before Justices REED and MAGIE.

For the prosecutors, A. Hugg.

For the defendants, J. E. Hays.

The opinion of the court was delivered by

REED, J. The question involved in the present cause is whether the common council of Camden had the power to pass an ordinance providing for the appointment of an

accountant by the finance committee. The ordinance was passed on April 25th, 1878, and provides that the finance committee of city council is empowered to employ an accountant, whose term shall commence on the passage of the ordinance, and continue from year to year for the term of one year, &c. He shall receive as compensation, the sum of $100 monthly.

The question mooted at the argument was whether this appointee was an officer, the contention being that if an officer, the office was one not recognized by the charter, and so was beyond the power of the common council to fill. This question, however, is not one that calls for decision, for if we assume the existence of such a power in the common council, yet it is clear that the method pursued in making the appointment is without authority.

A supplement to the charter of the city of Camden was passed in 1874, the fourth section of which provides " that all appointments to office in the various departments of said city—except mechanics working at their regular trade, and ordinary day laborers, and the chief of police, police officers and night watchmen, and persons employed in the public schools—shall be by ordinance passed by a majority of the members of the city council; and it shall not be lawful for the city treasurer to pay any salary to any person otherwise appointed." The class of employés mentioned in the exception clearly fails to include this accountant.

If it shall be held that he is included in the class of servants which the common council would have the power to appoint, it is equally clear that, by force of the above section, he could not be appointed otherwise than by an ordinance designed to accomplish that object directly.

The present ordinance, providing for an appointment by the committee, is unsupported by any authority in the common council to pass it, and the appointment made under it should be vacated, with costs.